IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMUEL HARRIS | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-62 |
| PATRICIA STANSBERRY | § | |

## **MEMORANDUM OPINION REGARDING TRANSFER**

Petitioner Samuel Harris, a federal prisoner, proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Petitioner filed this petition in the Eastern District of Virginia. At the time he filed the petition, he was confined at the Federal Correctional Institution in Petersburg, Virginia. The Bureau of Prisons subsequently transferred petitioner to the Federal Correctional Institution in Beaumont, Texas. The Eastern District of Virginia then transferred the petition to this Court.

To entertain a habeas petition brought under 28 U.S.C. § 2241, the district court must have jurisdiction over the prisoner. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). Accordingly, a prisoner must file a Section 2241 petition in the district where he is incarcerated. *Id.* at 78. If the petitioner files in another district, that court lacks jurisdiction over the petition. *Id.*; *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985).

Although petitioner is now confined in Beaumont, this court lacks jurisdiction. The only district that may consider a Section 2241 habeas petition is the district in which the prisoner was confined at the time he filed the petition. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The Eastern District of Virginia has jurisdiction because petitioner was incarcerated in that district when he filed the petition.

After reviewing the pleadings, the court has concluded that jurisdiction is not proper in the Eastern District of Texas. Although this court lacks jurisdiction to hear the petition, Title 28 U.S.C. § 1631 permits the court to transfer the action, in the interest of justice, to a court where the action could have been brought. 28 U.S.C. § 1631. The court has considered the circumstances and has determined that the petition for writ of habeas corpus should be returned to the United States District Court for the Eastern District of Virginia. An order transferring the petition will be entered in accordance with this Memorandum Opinion.

**SIGNED** this  17  day of  March , 2011.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE